## WEST *v.* MANHATTAN RY. CO.

(*Superior Court of New York City, General Term.* June 20, 1888.)

1. CARRIERS—INJURIES TO PASSENGERS—INSTRUCTIONS—MEASURE OF DAMAGES.
    In an action against an elevated railroad company for injuries to a passenger caused by defendant's negligence, a charge that, on the question of damages, the jury must be confined wholly to the damages actually sustained, and which it has been proved that plaintiff did sustain, and which are the natural and proximate result of the injury; that plaintiff was subject to intense agony, and remained in bed for several weeks; that he claims that he is still under the necessity of taking medicines and using remedies; that there is no doubt that the injury inflicted was, at the time it was inflicted, painful and severe; and whether he will be subject to this injury for the future is a matter of necessary inference and conjecture,—does not authorize the jury to allow the value of medicines, lotions, and medical material, where such value had not been proved; and the court did not err in refusing to charge that plaintiff could not recover therefor.

2. TRIAL—INSTRUCTIONS—COMPETENCY OF PARTY TO TESTIFY.
    Defendant's request to charge "that, prior to the adoption of the Code of Procedure in this state, or prior to the present constitution of this state, the plaintiff, being a party, was not a competent witness in his own behalf, and that it is under that constitution he is enabled to be a witness, and the question as to his credibility is entirely one for the jury, and that they have a right, in considering the case, to wholly reject his evidence," was properly refused when the court said: "I charge you, without any reference to the constitution, that the plaintiff's testimony, as that of every other witness, is to be considered by you, and believed or disbelieved according as your good sense and judgment govern you;" no exception being taken to the words "as that of every other witness," and the attention of the court not being called to that phrase by the general exception.

3. EVIDENCE—EXCLAMATIONS OF INJURED PERSON—WHEN ADMISSIBLE.
    In an action against an elevated railroad company for injuries to a passenger caused by defendant's negligence, evidence that, immediately after the accident, plaintiff said: "Take these splinters out of my leg! take those splinters out of my leg!"—is admissible under the rule that allows exclamations, though as a matter of fact there were no splinters in his leg.[1]

Appeal from jury term; RICHARD O'GORMAN, Judge.

Action by Stephen A. West against the Manhattan Railway Company to recover damages which plaintiff alleged were caused by defendant's negligence. It appeared from plaintiff's testimony that he was a passenger on defendant's car; that, while the car was standing at a station, he proceeded to pass from the platform of the car to that of the station; that, while so doing, the guard violently closed the gate of the car, striking plaintiff, and wedging his foot between the car and the gate; that he was thrown down, and the car started while he was in this position, and he was dragged along for some distance. Verdict for plaintiff, and from the judgment entered thereon, and from an order denying its motion for a new trial, defendant appealed.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*Edward S. Rapallo* and *Henry D. Sedgwick, Jr.,* for appellant. *Alfred Taylor,* for respondent.

---

[1] See Kane v. City of Troy, *post,* 536, and note.

SEDGWICK, C. J. The appellant insists that the jury could not, upon the testimony in the case, allow any damages for medicine, lotions, or medical material, on the ground that the value of such medicine, lotions, and medical material had not been proved. The court said, on the subject of damages: "The next question is as to the amount of damages; * * * and you must confine yourself wholly * * * to what would be a compensation for the damages that he has actually received, and that it has been proven to you he did receive, and which are the proximate and natural result of the injury he received. He was subjected to intense agony. He remained in bed for some weeks. * * * He claims * * * that he is still under the necessity of using medicine and taking remedies. There is no doubt that this plaintiff has suffered pain. There is no doubt that the injury inflicted was, at the time it was inflicted, painful and somewhat severe; and whether he will be subject to this injury for the future is a matter of necessary inference from his present sufferings and condition." It will be seen that, under this charge, the jury was not at liberty to give anything for the cost of medicines theretofore taken. They were confined to compensation for the consequences of the injury as described by the judge. The reference to the medicines did not embrace the idea that the medicines he might be obliged to take in the future were to be valued by the jury. It was made as relevant to his present condition, as caused by the injury. This is emphasized by the charge: "The plaintiff is liable to his own physician in the sum of $500. * * * If you find for the plaintiff, he would be entitled to that as part of his damage." This was legally the same kind of damage as would have been the cost of medicine if the cost had been proved. The judge says nothing which allows the jury to give a verdict for the cost of medicines. The defendant's counsel then asked the court to charge "that the jury cannot, upon the testimony in the case, allow any damages for medicines, lotions, or medical material." The refusal of the judge left the case as it was, with instructions that did not allow the jury to give anything for the cost of medicines, lotions, or medical material. I do not think a party should have a right to avail himself of an exception to a ruling upon a matter unnecessarily introduced by himself, only for the sake of the exception. The defendant could not have been aggrieved by the judge's not saying anything to the jury on the subject after his charge. The refusal to charge was not a matter for the jury, and could not, therefore, for any reason, lead the jury to suppose that the plaintiff could recover the cost of medicines. It is also to be noticed that the court refused to charge the matter of a request ambiguous in form and meaning. The request was not that there could be no recovery for the cost of medicine, nor was it that the jury could not allow for the using of medicine. The jury could have found something for the plaintiff's being obliged to take opium, chloroform, and quinine. They are uncomfortable, nauseous, destructive of appetite. They cause a man to live in an atmosphere of a druggist's shop. The jury could compensate for that. The request, if charged, would have been ambiguous. In this connection, it is also to be noticed that, in another portion of the charge, the court warned the jury to be careful how they applied the evidence to the question of damages.

The appellant also alleges that the court erred in refusing to charge as follows: "That prior to the adoption of the Code of Procedure in this state, or prior to the present constitution of this state, the plaintiff, being a party, was not a competent witness in his own behalf, and that it is under that constitution he is enabled to be a witness; and the question as to his credibility is entirely one for the jury, and that they have a right, in considering the case, to wholly reject his evidence." In answer to this request, the court said: "I charge you, without any reference to the constitution, that the plaintiff's testimony, as that of every other witness, is to be considered by you, and believed or disbelieved according as your good sense and judgment

govern you." The defendant excepted to the refusal to charge as requested, and also to the charge as given. I think the judge was correct in his charge as to the credibility of an interested party, and that his charge covered the substance of the request on this point. No exception was taken to the words "as that of every other witness," nor was the attention of the court particularly called to that phrase by the general exception of the defendant.

On the trial it was shown that, immediately after the accident, the plaintiff said: "Take these splinters out of my leg! take those splinters out!" The defendant moved to strike out this evidence as immaterial and incompetent. This motion was denied, and the defendant excepted. I am of opinion that the words uttered by plaintiff were admissible under the rule that allows exclamations. A strict grammatical standard should not be used. The jury might find the words were exclamatory in reality. There were, as matter of fact, no splinters in his leg. The words were not received as evidence of there being splinters. The jury might find that pain forced out the words. I do not think the judgment should be reversed for this. The judgment and order appealed from are affirmed, with costs.

TRUAX and DUGRO, JJ., concurred.